## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TK MECHANICAL, INC. | ) | Case No. 12-12158-BFK |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| H. JASON GOLD, TRUSTEE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 13-01143 |
| | ) | |
| CRITICAL SYSTEMS, LLC | ) | |
| | ) | |
| Defendant | ) | |

### REPORT AND RECOMMENDATION

This matter comes before the Court on the Plaintiff's Motion for Default Judgment

against Defendant Critical Systems, LLC (Docket No. 6).  The Plaintiff filed the Complaint on

June 6, 2013, and seeks to recover $105,208.95 from the Defendant on a preferential transfer

made on or within 90 days prior to the filing of the Debtor's Bankruptcy Petition.  There being

no Answer filed to the Plaintiff's Complaint, the Court recommends that the Plaintiff's Motion

for Default Judgment be granted, and that a money judgment in the amount of $105,208.95 be

entered for the Plaintiff.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and the

Order of Reference of the U.S. District Court for this District dated August 15, 1984.  This is a

core proceeding under 28 U.S.C. § 157(b)(2)(F). Complaint, ¶ 3.  Because the Plaintiff seeks to

augment the bankruptcy estate by the entry of a money judgment,  the Court will enter a Report

and Recommendation, and not a final order, pursuant to the District Court's opinion in

*McCarthy v. Wells Fargo Bank, N.A. (In re El-Atari)*, No. 1:11cv1090, 2011 WL 5828013 (E.D.

Va. Nov. 18, 2011).

### The Plaintiff's Motion for Default Judgment

According to the allegations of the Complaint, on April 3, 2012 ("Petition Date"), the

Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code

("Bankruptcy Code"). Complaint at ¶ 5. From January 4, 2012 through April 3, 2012, the

Debtor made three transfers by check, electronic transfer, debit, and/or other manner to the

Defendant. *Id.* at ¶ 7. First, the Debtor issued a check for $60,050.02 to the Defendant on

December 21, 2011. *Id.* at Ex. A. This check cleared on January 24, 2013. *Id.* Second, the

Debtor issued a check for $6,672.23 to the Defendant on February 10, 2012. *Id.* This check

cleared on February 14, 2012. *Id.* Third, the Debtor issued a check for $38,486.70 to the

Defendant on March 9, 2012. *Id.* This check cleared on March 13, 2012. *Id.*

On June 6, 2013, the Plaintiff filed this adversary proceeding to recover the funds. On

June 7, 2013, this Court issued a Summons and Notice of Pre-Trial Conference, which required

the Defendant to file an Answer no later than July 8, 2013. Docket No. 3. The Summons and

Complaint were properly served on the Defendant via first class mail on June 12, 2013, pursuant

to Fed. R. Bankr. P. 7004(b)(3). Docket No. 5. On July 17, 2013, the Plaintiff filed the present

Motion for Default Judgment, which seeks a $105,208.95 money judgment against the

Defendant. Docket No. 6.

The Court scheduled a hearing on the Plaintiff's Motion for Default Judgment for August

13, 2013. Notice of the hearing was served on the Defendant on July 17, 2013. Docket No. 7.

The Notice provided: "[u]nless a written response and supporting memorandum are filed and

served by [seven days before the hearing date], the Court may deem any opposition waived, treat

the Motion as conceded, and issue an order granting the requested relief without further notice or

hearing." *Id.* The Defendant did not file a response.  Pursuant to Fed. R. Bankr. P. 7012(a), "[i]f

a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance

of the summons, except when a different time is prescribed by the court."  The Court finds that

the Summons was properly served on the Defendant, and that the Defendant failed to file an

Answer in accordance with Fed. R. Bankr. P. 7012.  The Court further finds that the amount

sought is for a sum certain.  Accordingly, this Court recommends that the Plaintiff's Motion for

Default Judgment be granted, and that a money judgment in the amount of $105,208.95 be

entered for the Plaintiff.

## Conclusion

For the reasons stated above, the Court recommends that the Plaintiff's Motion for

Default Judgment be GRANTED, and that a money judgment in the amount of $105,208.95,

through the entry of the Judgment, be ENTERED for the Plaintiff against the Defendant.  Interest

on the principal amount of the Judgment will accrue post-Judgment at the federal judgment rate

provided in 28 U.S.C. § 1961.

The Defendant is notified that Bankruptcy Rule 9033(b) provides as follows:

**Objections:  Time for Filing.  Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all the parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise directs.**

Fed. R. Bankr. P 9033(b).

The Court will issue an Order making the foregoing recommendation to the District

Court.

Date: Aug 26 2013

/s/ Brian F. Kenney
_____
Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket:  8/28/2013

Copies to:

John T. Farnum, Esquire
Wiley Rein LLP
7925 Jones Branch Drive
Suite 6200
McLean, VA 22102
Counsel to the Plaintiff

Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, Virginia 22314

Critical Systems, LLC
Michael Reichbach, Registered Agent
255 N. Washington Street, Suite 200
Rockville, Maryland 20850
Defendant, *pro se*